UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LETIA LASHONNE STROUD,[1]<br><br>　　　　　　Plaintiff,<br>　　v.<br><br>ALAN BURTON et al.,<br><br>　　　　　　Defendants. | CASE NO. C24-2153-KKE<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |

　　　　This matter comes before the Court upon *sua sponte* 28 U.S.C. § 1915(e)(2) review of Plaintiff's lawsuit against Defendants Alan Burton, MTC Financial Inc. d/b/a Trustee Corps, Caliber Home Loans Inc., and Shell Point Mortgage Servicing. Dkt. No. 6. Plaintiff, proceeding *pro se*, filed an application to proceed *in forma pauperis* ("IFP") which was granted by the Honorable Brian A. Tsuchida, U.S. Magistrate Judge. Dkt. Nos. 4, 5.

　　　　A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to *sua sponte* review and dismissal by the Court "at any time" to the extent it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845, 845 (9th Cir. 2001) (applying § 1915 review to non-prisoner IFP filers). "A complaint is frivolous

---

[1] Plaintiff's exact name varies throughout the complaint and the Court relies on the most used variation in the caption, no disrespect is intended.

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND - 1

for 28 U.S.C. § 1915(e)(2) purposes if a plaintiff fails to allege subject matter jurisdiction." *Emiabata v. Bank of New York Mellon Tr. Co. NA/JP Morgan Chase (SLS)*, No. C17-1302JLR, 2017 WL 4838840, at *1 (W.D. Wash. Oct. 3, 2017) (citing *Castillo v. Marshall*, 107 F.3d 15 (9th Cir. 1997); *see also Pratt v. Sumner*, 807 F.2d 817, 819 (9th Cir. 1987) (recognizing that a complaint should be dismissed as frivolous on 28 U.S.C. § 1915 review where subject matter jurisdiction is lacking).

Plaintiff's filing is difficult to follow because it includes two different complaints. In general, it appears Plaintiff seeks relief arising from Defendants' actions regarding a property in Snohomish County. *See generally* Dkt. No. 6. The first complaint asserts a claim for adverse possession, references a state case number 24-2-220227-31, and seeks a "stay of execution of judgment" under "procedure 62" and "rule(s): 50" and "rule 60." *Id.* at 1–13. The second complaint lists several federal criminal conspiracy statutes (18 U.S.C. § 241), civil rights statutes (42 U.S.C. § 1983), and the Truth in Lending Act (15 U.S.C. § 1601), among others, but alleges causes of action for wrongful foreclosure, breach of contract and quiet title. *Id.* at 14–23.[2]

The Court has several concerns with the clarity of the complaint but finds Plaintiff's failure to identify any basis for this Court's subject matter jurisdiction is dispositive. *See Clark v. Young*, No. 3:23-cv-5369, 2024 WL 4839388, at *2 (W.D. Wash. Nov. 20, 2024). "Federal courts are courts of limited jurisdiction." *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal district courts have original jurisdiction over two categories of cases: cases involving a federal question, *see* 28 U.S.C. § 1331, and cases involving diversity of citizenship among the parties, *see* 28 U.S.C. § 1332. Plaintiff does not sufficiently allege either.

---

[2] This section of the complaint also references Exhibits that are not included with the complaint. *See, e.g.*, Dkt. No. 6 at 18–19.

ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND - 2

With respect to federal question jurisdiction, Plaintiff lists many federal statutes (Dkt. No. 6 at 16–17) but none are identified as causes of action, nor are there facts alleged supporting such claims. Dkt. No. 6 at 19–21. Because Plaintiff only asserts claims under state law (breach of contract, property claims), there is no federal question jurisdiction. Dkt. No. 6 at 19–21.

For diversity jurisdiction, a plaintiff must allege the diverse citizenship of all parties and an amount in controversy exceeding $75,000.00. 28 U.S.C. § 1332; *Bautista v. Pan Am. World Airlines, Inc.*, 828 F.2d 546, 552 (9th Cir. 1987). Plaintiff does not allege diverse parties because she is a citizen of Washington and alleges at least one defendant, Alan Burton, is also a citizen of Washington. Dkt. No. 6 at 14.

The Court does not have subject matter jurisdiction over Plaintiff's complaint and finds it must be dismissed as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i). *See Pratt*, 807 F.2d at 819.

However, the Court will grant plaintiff leave to amend. Plaintiff shall file any amended complaint by August 19, 2025. Any amended complaint should clearly explain why this Court has jurisdiction over her claim. Failure to comply with this Order will result in dismissal of this action under 28 U.S.C. § 1915(e)(2)(B).

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing pro se at said party's last known address.

Dated this 18th day of July, 2025.

*Kymberly K Evanson*
———————————————
Kymberly K. Evanson
United States District Judge